UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                            Case No. 2:11-cr-24
                                                HON. ROBERT J. JONKER

MICHAEL SCOTT STEPHENS,

    Defendant.

_____/

## REPORT AND RECOMMENDATION

The Government alleges that Defendant Michael Scott Stephens violated three conditions of his supervised release. The three violations stem from two positive drug tests and Defendant's subsequent statements to his probation officer regarding the source of the positive drug tests. Defendant disputes these allegations, maintaining that he never knowingly consumed any drugs. The undersigned held a hearing on this issue on August 30, 2018. For the reasons stated below, the undersigned recommends that the Court find Defendant violated the three conditions of his supervised release.

In 2011, Defendant was indicted on one count of Conspiracy to Distribute and to Possess with Intent to Distribute Cocaine Base, and one count of Distribution of Cocaine Base. He was initially released on bond, but the bond was revoked after Defendant tested positive for cocaine. Defendant denied using cocaine. At the hearing on August 30, 2018, Defendant suggested that the positive test may have been caused by the method the probation officer placed the drug testing patch on him. Shortly after his bond was revoked, Defendant pleaded guilty to one count of Conspiracy to Distribute and Possess with Intent to Distribute Cocaine Base. The

district court sentenced Defendants to 108 months imprisonment and 5 years supervised release. While incarcerated, Defendant successfully completed "RDAP", which is a 500-hour substance abuse rehabilitation program.

In June 2017, Defendant began serving his 5-year term of supervised release. As part of his conditions of supervised release, Defendant must participate in random drug testing. Each morning Defendant is required to call the Great Lakes Recovery Center to learn whether he needs to take a drug test that day. These drug tests are urine tests, and Defendant is directly observed producing the urine sample. The urine sample is then sent to a United States Probation Regional Testing Facility in St. Louis, Missouri, where a preliminary screening of the sample is completed. If the sample tests "presumptively positive," it is then sent to a national testing center—Alere Toxicology—where the lab further tests the sample using Gas Chromatography–Mass spectrometry (GC-MS) analysis.

On April 9, 2018, Defendant was selected for a random drug test, and the sample tested presumptively positive for marijuana. After a probation officer learned of this positive test, he confronted Defendant at his apartment. Defendant denied using marijuana. Instead, when he was asked about how he could have tested positive for marijuana, Defendant stated that the positive result may have been caused by a person blowing marijuana smoke in his face at a bus stop. The sample was then forwarded to Alere Toxicology, where it tested positive for THC. After being informed of the most recent testing, Defendant told the probation officer that he has been around a lot of people that have been using marijuana.

On May 25, 2018, Defendant was again selected for a random drug test, and that sample also tested presumptively positive for marijuana. Similar to the April 9 drug test, Alere Toxicology confirmed the sample tested positive for THC. When confronted by the probation

officer, Defendant stated that the positive test may have been caused by sesame seeds and/or poppy seeds on the sub sandwiches that he had been eating.

On June 7, 2018, Defendant's probation officer filed a petition to revoke his supervised release, alleging that Defendant violated the following three conditions:

> The defendant shall not commit another federal, state or local crime.
>
> The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determine by the court.
>
> [T]he defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer.

(ECF No. 137). Defendant has not failed a drug test since the May 25, 2018 test.

In order to revoke supervised release, the district court must find by a preponderance of the evidence that a defendant has violated a condition of his supervised release. *United States v. Lowenstein*, 108 F.3d 80, 85 (6th Cir. 1997).

At the hearing, the probation officer testified to the "rigorous" policy to ensure accurate test results. Defendant does not challenge the accuracy of the results. Instead, Defendant argues that something else—being around marijuana users or sub sandwiches—caused the positive drug test.

In *United States v. Pratt*, 297 F. App'x 475, 477 (6th Cir. 2008), the district court addressed a similar situation—whether the defendant violated his conditions of release because he failed a drug test. In that case, the defendant tested positive for cocaine, but he claimed that the positive test was caused by someone spiking his drink. *Id.* Despite Defendant's contention, the district court determined that the defendant violated his conditions of supervised release because he possessed and used an illegal substance. *Id.* In finding that the district court's ruling was not

clearly erroneous, the Sixth Circuit stated that the defendant's "excuse for the positive test, that someone had spiked his drink, was not believable." *Id.*

Similar to the excuse in *Pratt*, Defendant's excuse is "not believable." He tested positive twice for marijuana while on supervised release, once on April 9, 2018 and once on May 25, 2018.  He has previously had his bond revoked because he tested positive for cocaine.  He also has an extensive history of using marijuana—he testified at the hearing that he began smoking marijuana at the age of 13 and it was his drug of choice until the age of 45.  It is simply not believable that the positive drug tests were caused by being around other marijuana users or consuming sandwiches with poppy/sesame seeds.  It is much more likely that Defendant possessed and used marijuana and subsequently lied to his probation officer.  Therefore, the undersigned finds by a preponderance of the evidence that Defendant committed another crime, unlawfully possessed a controlled substance, and was not truthful to his probation officer.

Accordingly, the undersigned recommends that the Court find Defendant violated the three conditions of his supervised release.

NOTICE TO PARTIES: Objections to this Report and Recommendation must be served on opposing parties and filed with the Clerk of the Court within 14 days of receipt of this Report and Recommendation. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); W.D. Mich. LCivR 72.3. Failure to file timely objections constitutes a waiver of any further right to appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir.1981). *See also Thomas v. Arn*, 474 U.S. 140 (1985).

Dated: September 5, 2018

      /s/ Timothy P. Greeley
TIMOTHY P. GREELEY
UNITED STATES MAGISTRATE JUDGE